IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID W. RESSLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 18-402 ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| Defendant. | ) ) |

# **O R D E R**

AND NOW, this 20th day of August, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on September 14, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on August 16, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Plaintiff, David W. Ressler, filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, effective July 28, 2014, claiming that he became disabled on July 3, 2014, due to stomach problems, anxiety, asthma, diabetes, and high blood pressure. (R. 11, 139-45, 162). After being denied initially on January 6, 2015,

1

Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on January 4, 2017. (R. 33-64, 71-74, 131). In a decision dated February 1, 2017, the ALJ denied Plaintiff's request for benefits. (R. 11-22). The Appeals Council declined to review the ALJ's decision on February 9, 2018. (R. 1-4). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—

particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a

listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III.     The ALJ's Decision

In his February 1, 2017 decision, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2019. (R. 13). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that he was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of July 3, 2014. (R. 13). The ALJ also

4

found that Plaintiff met the second requirement of the sequential evaluation process insofar as he has the severe impairments of type II diabetes mellitus, lyme disease, chronic pancreatitis, gastroesophageal reflux disease, diverticulitis, irritable bowel syndrome, vitamin B-12 deficiency, iron deficiency, anemia, and anxiety. (R. 13). The ALJ found that Plaintiff's hypertension, high cholesterol, restless leg syndrome, hyperlipidemia, and high blood pressure did not qualify as severe impairments. (R. 13-14). The ALJ concluded that Plaintiff's impairments did not meet or equal any of the listings that would satisfy Step Three. (R. 14-16).

The ALJ went on to find that Plaintiff retained the RFC to perform medium work, as defined in 20 C.F.R. § 404.1567(c), with the following additional limitations:

> [C]laimant can tolerate occasional exposure to weather, extreme heat, extreme cold, wetness, humidity, and atmospheric conditions; requires ready access to a restroom and would require 1 extra unscheduled five-minute bathroom break during the workday; cannot tolerate demanding work pressures such as high volume output, very short deadlines, or high levels of precision; and must have a regular work schedule where he would work the same days and same hours each week.

(R. 16-20). Based on this RFC, Plaintiff established that he is incapable of returning to his past employment; therefore, the ALJ moved on to Step Five. (R. 20-21).

At Step Five, the ALJ used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. According to the ALJ, the VE testified that, given Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as the medium exertional, unskilled jobs of housekeeper, warehouse worker, and room attendant. (R. 21-22). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 22).

5

**IV.     Legal Analysis**

Plaintiff argues, *inter alia*, that the ALJ erred in his Step Five determination that there was other work in the national economy that he could perform because the VE's testimony "unambiguously establishes that the jobs relied upon to deny benefits cannot be performed given the limitations in the ALJ's RFC." (Doc. No. 10 at 1). While the Court does not agree with Plaintiff that the VE's testimony is so unambiguous as to establish that, it does agree that the VE's testimony does not support the ALJ's Step Five findings. As such remand is required for further evaluation as to what jobs, if any, Plaintiff can still perform given his RFC.

At issue is the VE's testimony as to the impact of Plaintiff's requirement for an unscheduled bathroom break each day. As noted above, the RFC, as formulated by the ALJ, provided that Plaintiff would require one extra unscheduled five-minute bathroom break during the workday as well as ready access to a restroom. (R. 16). These limitations were included to account for Plaintiff's irritable bowel syndrome (R. 20), and the parties do not appear to challenge these findings. What Plaintiff does challenge is how the ALJ interpreted the VE's testimony as to these limitations.

In his first hypothetical question to the VE, the ALJ asked him to assume that Plaintiff required *two* unscheduled bathroom breaks during the workday. (R. 60). The VE clearly testified that two such breaks would preclude gainful employment. (R. 61-62). The ALJ then altered the hypothetical to provide for just one additional bathroom break, mirroring his ultimate RFC finding. (R. 62). It is here where the VE's testimony becomes anything but unambiguous. His response to this change to the hypothetical was, "One break for five minutes would possibly be tolerated, not by all employers, though, Your Honor." (R. 62). He went on to provide examples of jobs that would "comply with the other aspects of [the] hypothetical." (Id.).

Accordingly, the VE appears to have indicated that there would be jobs, but that the occupational base would be further eroded by the need for the bathroom break, and then to have provided examples that comply with the aspects of the RFC except for the additional bathroom break.

The ALJ, however, did not acknowledge the nuanced nature of the VE's testimony, instead stating:

> To determine the extent to which these limitations erode the unskilled medium occupational base, the [ALJ] asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and [RFC]. The vocational expert testified that ***given all of these factors*** the individual would be able to perform the requirements of representative occupations such as the medium exertional, unskilled jobs of housekeeper (DOT 323.687-010) of which there are 365,000 jobs nationally, warehouse worker (DOT 922.687-058) of which there are 96,000 jobs nationally, and room attendant (DOT 222.387-030) of which there are 56,000 jobs nationally.

(R. 21) (emphasis added). As discussed above, the VE did not testify that Plaintiff could perform those jobs in light of all of the limitations included in the RFC. Instead, he expressly excluded any and all limitations regarding bathroom breaks from the RFC in testifying that Plaintiff could do those jobs. In fact, the VE clearly implied that the number and types of jobs available would be significantly less given the requirement of an additional unscheduled bathroom break. Given that the ALJ did include this limitation in his final RFC finding, his finding as to the jobs Plaintiff could perform is not supported by the VE's testimony and therefore not supported by substantial evidence.

Plaintiff suggests that the VE went one step further, testifying that there were ***no*** unskilled jobs that would permit an employee to take an additional five-minute bathroom break except as some kind of disability accommodation. The Court does not agree. First, as Plaintiff acknowledges, the ALJ did not, in fact, limit Plaintiff only to unskilled work, although that was

7

the type of work generally discussed by the VE. Regardless, it is not at all clear that the VE testified that there were no unskilled jobs that would allow the additional break, nor that any employer that did allow such a break would be doing it as an employee accommodation. Ultimately, it is unclear how the additional break factored into the VE's opinion. The issue of what additional erosion would result from the inclusion of that limitation and whether, as a result of the erosion, there remained substantial work Plaintiff could perform requires further discussion and analysis. Therefore, the record does not permit the Court to reverse and remand the case for an award of benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). The Court will therefore remand for further evaluation consistent with this order. Moreover, although the Court does not reach the other issues raised by Plaintiff, the ALJ should be cognizant of these issues on remand and ensure that proper weight is given to the medical opinion evidence and that Plaintiff's credibility is properly analyzed.

## V. Conclusion

In short, the record does not permit the Court to find that the findings of the ALJ regarding what jobs Plaintiff could perform at Step Five of the sequential analysis are supported by substantial evidence. Accordingly, the case is remanded to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record